*Donald J. Orkin* for the plaintiff.

DONNA REISSFELDER *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1] February 9, 1984. *Employment Security*, Eligibility for benefits.

The plaintiff was denied unemployment compensation because, as the board of review of the Division of Employment Security (board) concluded, she left her work "voluntarily without good cause attributable to the employing unit." G. L. c. 151A, § 25 (*e*) (1). The board considered this case without regard to an earlier decision made by a review examiner after a hearing. The recording of that earlier hearing was inaudible. A new hearing was held but the hearing examiner did not issue a new decision. The board decided the case on the transcript of the new hearing.

The board found that the employee left her work when her employer refused to grant her a vacation day on June 6, 1980; that she was not entitled to a vacation day; and that the employee refused to divulge the reasons for her request for a day off, other than to say that she had to go to court. The employee testified that she wanted the day off to attend a court hearing involving the custody of her child. There was, however, conflicting testimony as to what the employee told her supervisor. He tes-

[1] Sun Life of Canada.

tified that, on June 2, the employee told him that she wanted the day off to go to court but that she would not tell him why she wanted to go to court, saying it was personal and none of his business. The employee testified that, when her supervisor asked for details, she told him that she was involved in a custody suit, and she admitted telling him that it was personal business. Her supervisor told her that she would be discharged if she did not work on June 6. The employee left her employment because she was not given the day off. On appeal to a District Court for judicial review pursuant to G. L. c. 151A, § 42, a judge of that court affirmed the board's decision. We affirm the judgment.

There was substantial evidence to support the board's decision. The employee made no showing that would warrant a finding that leaving her employment was so "urgent, compelling and necessitous" as to be involuntary. G. L. c. 151A, § 25 (e). We need not consider any alleged errors in the hearing examiner's decision. G. L. c. 151A, § 41 (b). The precise number of days the employee was absent from work in months preceding the termination of her employment was not crucial to the board's decision. The fact is that she was not entitled to take the day off. Exclusion from evidence of a written record the employee kept of the days she had been absent from work was not error because, with the assistance of that record, she could have testified to the same information. Other issues argued to us either are not relevant or are without merit, or both. What we have said should not be construed as justifying the denial of unemployment compensation benefits to an employee who must attend court, seasonably makes reasonable disclosure to the employer of the reason why he or she must do so, and then is discharged for taking the necessary time off from work.

*Judgment of the District Court affirmed.*

*William P. Franzese* for the employee.

*George J. Mahanna,* Assistant Attorney General, for Director of the Division of Employment Security.